IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAUL RAMIREZ-BENAVIDEZ, | § § | |
| Movant, | § § | |
| | § | |
| V. | § | NO. 4:26-CV-030-O |
| | § | (NO. 4:24-CR-166-O) |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § § | |

## OPINION AND ORDER

Came on for consideration the motion of Raul Ramirez-Benavidez under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I.    BACKGROUND

On July 17, 2024, Movant was named in a one-count indictment charging him with possession with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). CR ECF No.[1] 9. On July 30, 2024, he was named in a one-count superseding information charging him with possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). CR ECF No. 14. He entered into a plea agreement pursuant to which he agreed to plead guilty to the offense charged in the superseding information and the government agreed not to bring any additional charges based upon the conduct underlying and related to the plea and to dismiss any remaining

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:24-CR-166-O.

charges against Movant. CR ECF No. 19. In addition, the plea agreement set forth: the penalties that could be imposed; the Court's sentencing discretion and Movant's understanding that no one could predict the actual sentence, which was solely in the Court's discretion; that the plea was freely and voluntarily made and not the result of force, threats, or promises; that Movant waived his right to appeal or otherwise challenge the sentence except in certain limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with counsel's legal representation. *Id.* Movant also signed a factual resume that set forth the penalties Movant faced, the elements of the offense charged by the superseding information, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 18.

On August 7, 2024, Movant appeared for arraignment on the superseding information and testified under oath in open court that: he understood his plea must not be coerced and must be purely voluntary because he was guilty and for no other reason; he had received a copy of the information, which had been translated and read to him; he understood the charges against him; he understood and admitted that he committed all of the essential elements of the offense charged; he had discussed the issue of punishment with counsel and was fully satisfied with the advice he had received; he signed the plea agreement; the plea agreement had been translated and read to him and he understood it before signing; he understood and discussed with counsel the waiver of right to appeal before he signed the plea agreement; he knowingly and voluntarily waived his right to appeal as set forth in the plea agreement; all of the terms of his agreement were set forth in the plea agreement; he voluntarily and of his own free will entered into the plea agreement; no one had made any promise or assurance or threat of any kind to induce him to plead guilty; he

understood that he could be imprisoned for a term of not less than 5 years or more than 40 years; he had no questions regarding the proceedings; he signed the factual resume; it had been translated and read to him before he signed it; and, he understood the factual resume and the stipulated facts stated were true and correct. CR ECF No. 42.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 32. CR ECF No. 26-1, ¶ 24. He received two-level enhancements for possession of a dangerous weapon, *id.* ¶ 25, and maintaining a drug premises. *Id.* ¶ 26. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 32, 33. Based on a total offense level of 33 and a criminal history category of VI, Movant's guideline imprisonment range was 235 to 293 months. *Id.* ¶ 69. Movant did not object. CR ECF No. 28. The probation officer prepared an addendum to the PSR to add information. CR ECF No. 29-1.

At sentencing, based on an issue raised by Movant's counsel, the Court determined that his criminal history category should be III, with the consequence that the guideline imprisonment range became 168 to 210 months. CR ECF No. 41 at 13. The Court sentenced Movant to a term of imprisonment of 200 months. CR ECF No. 36.

Movant appealed, CR ECF No. 36, despite having waived the right to do so. CR ECF No. 19, ¶ 10. His counsel filed a motion for leave to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Ramirez-Benavidez*, No. 24-11014, 2025 WL 2848717 (5th Cir. Oct. 8, 2025).

3

## II.    GROUND OF THE MOTION

Movant alleges that he received ineffective assistance of counsel. He refers to divided loyalty and abdication of role of federal public defender, a constructive denial of counsel, a "possum defense deployment," and an involuntary confession. ECF No.[2] 1.

## III.    APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

4

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.    ANALYSIS

Movant's entire motion appears to be premised on statements made by his counsel at sentencing. *See* ECF No. 1 at 9–11.[3] In effect, counsel argued that Movant should not be punished for having been honest with regard to his conduct. Movant interprets this to mean that counsel abandoned him and sided with the government. He is wrong to think so. As a result of counsel's representation, Movant, who would have faced a life sentence under the indictment, faced a maximum 40-year sentence under the superseding information. CR ECF No. 26-1, ¶ 71. Further, as a result of counsel's objection at sentencing, his guideline range was reduced from 235 to 293 months to a range of 168 to 210 months. CR ECF No. 41. He ultimately received a sentence of 200 months, much less than he would otherwise have received.

Any contention that Movant's plea was not knowing, voluntary, and intelligent is belied by the record. The plea agreement he signed stated that Movant understood the nature and elements of the crime to which he was pleading guilty; it set forth the penalties Movant faced; it included Movant's recognition that his sentence would be wholly within the Court's discretion; it stated that the plea was freely and voluntarily made and not the result of force, threats, or promises; it stated that Movant waived his right to appeal except in certain limited circumstances; and it concluded with the statement that Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided. CR ECF No. 19. The document is entitled to a presumption of regularity and carries great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant's solemn declarations in open court, admitting among other things that he understood the charge against him, the penalties he faced,

---

[3] The page number references to the motion are to "Page ___ of 12" reflected at the top right portion of the document on the Court's electronic filing system.

that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for this alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The record does not support the contention that counsel abandoned Movant at any time. This is not a case like *United States v. Cronic*, 466 U.S. 648 (1984), to which he cites. ECF No. 1 at 2. Movant provided information to law enforcement before counsel was appointed. CR ECF No. 26-1, ¶¶ 13–16. He waived any nonjurisdictional defects in the proceedings through his guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). Thanks to the advice of counsel, he received a three-level adjustment for acceptance of responsibility and the benefit of a lower sentencing range. His allegations about harm resulting from counsel's conduct are wholly unsupported and without merit.

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**. His motions for hearing, for appointment of counsel, and to proceed *in forma pauperis* are **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **28th** day of **April, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**